PLEASE CONFORM
AND RETURN

1  ROBERT A. DOLINKO (State Bar No. 076256)
   rdolinko@nixonpeabody.com
2  RICHARD E. BROMLEY (State Bar No. 156260)
   rbromley@nixonpeabody.com
3  NIXON PEABODY LLP
   One Embarcadero; Suite 1800
4  San Francisco, CA 94111
   Telephone: (415) 984-8200
5  Facsimile: (415) 984-8300

6  Attorneys for Defendant
   THE HERTZ CORPORATION

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  CHEREE NELSON, individually, and       Case No.:
    as private attorneys general and on
12  behalf of all persons similarly situated,    SACV11-00328 AG (Ex)

13                                          NOTICE OF REMOVAL OF CIVIL
                                            ACTION UNDER 28 U.S.C. § 1332(d)
14              Plaintiffs,                 AND 28 U.S.C. § 1441; EXHIBITS

15  vs.

16

17  HERTZ LOCAL EDITION CORP.,
    and DOES 1-100, inclusive,
18
                Defendants
19

20  TO   THE   CLERK   OF   THE   ABOVE-ENTITLED   COURT   AND   TO

21  PLAINTIFF CHEREE NELSON AND HER ATTORNEYS OF RECORD:

22        PLEASE TAKE NOTICE that Defendant Hertz Local Edition Corporation

23  ("Defendant" or "HLE") files this Notice of Removal.  The above-entitled case is a

24  civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §

25  1332(d) and is one that may be properly removed to this Court pursuant to 28 U.S.C.

26  § 1441.  In compliance with 28 U.S.C. § 1446(a), Defendant asserts the following

27  grounds for removal:

28

1.     On or about January 6, 2011, Plaintiff Cheree Nelson ("Plaintiff") commenced the aforementioned action against HLE by filing a Complaint for Damages, Injunctive Relief and Restitution in the Superior Court of the State of California, County of Orange, entitled *Nelson, et al. v. Hertz Local Edition Corp., et al.*, Case No. 30-2011-00438756-CU-OE-CXC (hereinafter the "State Court Action").

2.     True and correct copies of Plaintiff's Summons and Class Action Complaint, along with the papers which accompanied the Complaint, are attached as Exhibit A hereto.

3.     HLE initially received the Summons and Complaint by personal service on its agent for service of process on January 28, 2011.

4.     On February 24, 2011, HLE filed in the State Court its Answer to the Complaint, as required by the Cal. Code of Civil Procedure. A true and correct copy of the Answer is attached hereto as Exhibit B and is incorporated herein by this reference as if set forth in full.

5.     Defendant has not filed, served or received any papers or pleadings in the State Court Action other than those attached hereto as Exhibits A and B.

6.     This Notice is timely filed in that it is filed within thirty days of service of the Summons and Complaint on Hertz, the only defendant named in the lawsuit. *See* 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6.

7.     This action is removable under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), *et seq.* The CAFA provides that the district courts "shall have original jurisdiction" over "a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). The Class Action Complaint states that the nature of the action is "a class action" brought by Plaintiff Nelson. (Compl. *passim*.) Plaintiff Nelson is a citizen of the State of California.

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1332(d)
AND 28 U.S.C. § 1441(b); EXHIBITS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8.    HLE is a Delaware corporation with its corporate headquarters and principal place of business in the State of New Jersey.  HLE was not and is not a citizen of the State of California (as discussed further below).  Thus, Plaintiff is a "citizen of a State different from" HLE under the CAFA.  28 U.S.C. § 1332(d)(2)(A).

9.    The CAFA requires that the putative class must have 100 or more class members for the district court to exercise jurisdiction.  28 U.S.C. § 1332(d)(5)(B). In part, Plaintiff seeks to represent a class of all current and former HLE employees in California employed in non-overtime-exempt positions on or after January 6, 2007 (Compl.,¶ 2.).  Plaintiff and the class she purports to represent seek premium pay for missed meal and rest breaks, civil penalties for erroneous paycheck stubs, and penalties for members of the putative class whose employment was terminated from HLE.

10.    More than 500 individuals (inclusive of current and former employees) have worked for HLE as hourly, non-exempt employees just since September 19, 2009.  (*See* Declaration of Tia James ["James Decl."], filed herewith, at ¶ 3.)  Thus, there are far more than the minimum 100 putative class members required by the CAFA for federal jurisdiction.  28 U.S.C. § 1332(d)(5)(B).

11.    The CAFA further requires that, for the district court to exercise jurisdiction, the matter in controversy must "exceed[] the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).  When determining the amount in controversy, "the claims of the class members shall be aggregated."  28 U.S.C. § 1332(d)(6).

12.    Plaintiff, on behalf of the putative classes, alleges she and the class are entitled to recover (among other things): (1) unpaid wages; (2) restitution; (3) penalties pursuant to California Labor Code Sections 203, etc.; (4) attorneys' fees; and (5) injunctive relief.  (Compl., Prayer for Relief.)  The value of each of these

items is to be included in the amount in controversy in the State Court Action under the CAFA. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) (punitive damages); *Yeroushalmi v. Blockbuster, Inc.*, 2005 WL 2083008, at *4-5 (C.D. Cal. July 11, 2005) (compensatory damages, punitive damages, attorneys' fees, and injunctive relief); *Berry v. American Express Publ'g Corp.*, 381 F. Supp. 2d 1118, 1123-1124 (C.D.Cal. 2005) (injunctive relief); *Rippee v. Boston Market Corp.*, 2005 U.S. Dist. LEXIS 39478, at *8 (S.D.Cal. Oct. 14, 2005) (Labor Code penalties).

13.    HLE denies that Plaintiff and the class she purports to represent are entitled to either class certification or any recovery in this action, and by filing this Notice of Removal, HLE does not waive any defenses that may otherwise be available to it. Without waiving this position, and in light of the allegations of Plaintiff's Complaint, HLE's potential liability is as follows with respect to just a few of Plaintiff's causes of action and just measuring from September 19, 2009:

a.    For penalties under Labor Code § 226, which are up to a maximum of $4,000, approximately $4,100,000. (See James Decl. ¶ 4.)

b.    For "waiting time penalties" under Labor Code § 203 with respect to the California HLE hourly employees whose employment with HLE terminated since January 6, 2010, the potential liability to HLE is approximately $828,960. (James Decl. ¶ 5-6.) This is computed by taking a conservative average wage of $11 per hour x 8 hours per day x 30 days x 314 terminated employees.

c.    For missed meal and rest breaks with respect to the California HLE hourly employee class, and assuming one missed meal break and one missed rest break per work week, the potential liability to HLE is approximately $1,870,220. (James Decl. ¶¶ 3 & 6.) This is calculated by taking a conservative average wage of $11 per hour x 2 missed meal or rest breaks per week x 85,000 work weeks.

14.     The foregoing amounts, which total $6,799,180, do not include exposure prior to September 19, 2009, and do not include the value of injunctive relief or attorneys fees.  Consequently, the amount in dispute plainly exceeds the $5,000,000 threshold required under the CAFA.

15.     HLE is headquartered in Park Ridge, New Jersey.  Its high-ranking officers (e.g., Chairman of the Board, President, Vice Presidents, Treasurer, Secretary and Controller) maintain their offices there and direct and control the operations of HLE from that place of business in New Jersey.  (See Earls Declaration filed herewith.)  Those officers, including do not regularly work in California and do not maintain their offices in California.  There is no doubt that New Jersey, and not California, is HLE's principal place of business.  See also *Hertz v. Friend*, 559 U.S. __, 130 S.Ct. 1181, 2010 U.S. LEXIS 1897 (2010) (court clarifies that state where corporate headquarters is located is state which has corporation's "principal place of business").

16.     Based upon all the foregoing, HLE is not a citizen of the State of California, it is not a "citizen of the State in which the action was originally filed" and therefore the exceptions to removal under the CAFA set forth in 29 U.S.C. §§1332(d)(4)(B) and 1332(d)(3) are inapplicable.

For all of the foregoing reasons, Hertz Local Edition Corporation respectfully submits that the State Court Action is removable to this Court under 28 U.S.C. §§ 1332(d) and 1441(b).  Accordingly, Defendant prays that this action stand and remain removed from the Superior Court of the State of California for the County of Orange to this Court.

Dated:  February 28, 2011                NIXON PEABODY LLP

By: _____
Robert A. Dolinko
Richard E. Bromley
Attorneys for Defendant
HERTZ LOCAL EDITION CORP.

-5-

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
01/28/2011
CT Log Number 517954843

**TO:** Carolyn Fry
The Hertz Corporation
225 Brae Boulevard
Park Ridge, NJ 07656-0713

**RE:** **Process Served in California**

**FOR:** Hertz Local Edition Corp. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Cheree Nelson, etc., et al., Pltfs. vs. Hertz Local Edition Corp., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Jury Demand, Cover Sheet, Stipulation Form, Attachment(s) |
| **COURT/AGENCY:** | Orange County, Superior Court, CA<br>Case # 30-2011-00438756-CU-OE-CXC |
| **NATURE OF ACTION:** | Employee Litigation - Unpaid Wages - Failure to provide rest periods and pay rest period compensation, meal periods and pay meal period compensation - Seeking injunctive relief, to restrain defendants from continuing to engage in said unfair, unlawful and/or fraudulent business practices |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/28/2011 at 14:55 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Jeffrey P. Spencer<br>The Spencer Law Firm<br>1211 Puerta Del Sol<br>Suite 150<br>San Clemente, CA 92673<br>949-240-8595 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/28/2011, Expected Purge Date: 02/02/2011<br>Telephone, Carolyn Fry , 201-307-2493<br>Image SOP<br>Email Notification, Carolyn Fry cfry@hertz.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / DP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

JAN 28 2011 @ 2·58

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HERTZ LOCAL EDITION CORP. and DOES 1 THROUGH 100,
INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHEREE NELSON individually, and as private attorneys general and on
behalf of all persons similarly situated

<div style="border:1px solid">
FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**01/06/2011** at 09:22:10 AM
Clerk of the Superior Court
By Maarit H Nordman, Deputy Clerk
</div>

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Orange County Superior Court, Civil Complex Center
751 West Santa Ana Blvd., Santa Ana, CA 92701

CASE (Núm): 30-2011-00438756-CU-OE-CXC

Judge David C. Velasquez

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeffrey Spencer, THE SPENCER LAW FIRM, 1211 Puerta Del Sol, Suite 150, San Clemente, CA 92673
(phone) (949) 240-8595

DATE: 01/06/2011 ALAN CARLSON, Clerk of the Court by _____ , Deputy
*(Fecha),* *(Secretario)* *(Adjunto)*

Maarit H Nordman

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* HERTZ LOCAL EDITION CORP.
   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. www.USCourtForms.com



-8-

1 | **SPENCER LAW FIRM**
Jeffrey Spencer , Esq., (State Bar No. 182440)

2 | 1211 Puerta Del Sol, Suite 150
San Clemente, CA 92673

3 | Telephone No: (949) 240-8595

4 | Facsimile No: (949) 240-8515
jps@spencerlaw.net

5 |

6 | **LAKESHORE LAW CENTER**
Jeffrey Wilens, Esq. (State Bar No. 120371)

7 | 18340 Yorba Linda Blvd, Suite 107-610
Yorba Linda, CA 92886

8 | Telephone No: (714) 854-7205
Facsimile No: (714) 854-7206

9 | jeff@lakeshorelaw.org

10 |

Attorneys for Plaintiffs

11 |

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**01/06/2011** at 09:22:10 AM

Clerk of the Superior Court
By Maarit H Nordman,Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

| | |
|---|---|
| CHEREE NELSON individually, and as private attorneys general and on behalf of all persons similarly situated, | Judge David C. Velasquez<br>**Case No.** 30-2011-00438756-CU-OE-CXC<br>**CLASS ACTION** |
| Plaintiffs, | **COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION** |
| vs. | |
| HERTZ LOCAL EDITION CORP. and DOES 1 THROUGH 100, INCLUSIVE, | 1. **FAILURE TO PROVIDE MEAL PERIODS AND PAY MEAL PERIOD COMPENSATION (VIOLATION OF CALIFORNIA LABOR CODE §§ 226.7 and 512 AND CALIFORNIA CODE OF REGULATIONS, TITLE 8, §11070 et. seq. and IWC Wage Order 9);** |
| Defendants. | |
| | 2. **FAILURE TO PROVIDE REST PERIODS AND PAY REST PERIOD COMPENSATION (VIOLATION OF CALIFORNIA LABOR CODE § 226.7 CALIFORNIA CODE OF REGULATIONS, TITLE 8, §1107 et. seq. and IWC Wage Order 9);** |
| | 3. **UNFAIR COMPETITION** |

-1-

**COMPLAINT FOR DAMAGES**

| | | (Business and Professions Code section 17200 et. seq.) |
| | 4. | VIOLATION OF LABOR CODE §201 et. seq.; |
| | 5. | VIOLATION OF LABOR CODE §226 |

**REQUEST FOR JURY TRIAL**

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.  This action is brought pursuant to <u>California Code of Civil Procedure</u> §382 and <u>California Business and Professions Code</u> §17200 et seq. Plaintiff CHEREE NELSON brings this action on her own behalf, on behalf of all persons within the class defined herein, and as private attorney general on behalf of the general public and all aggrieved employees.

### CLASS ALLEGATIONS

2.  The Class consists of the following:

    All current and former employees of HERTZ LOCAL EDITION

    CORP. in the State of California employed in non overtime exempt

    positions on or after January 6, 2007.

### PLAINTIFFSS

3.  Plaintiff CHEREE NELSON ("Plaintiff") at all times mentioned herein was employed by Defendants in the State of California in positions within the Class during the Class Period and suffered violations of the California Labor Code during her employment with defendants.

4.  The persons who comprise the Class are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a Class will benefit the parties and the Court.

5.  The claims of Plaintiff are typical of the claims of the Class she seeks to represent.

6.  Plaintiff will fairly and adequately protect the interests of the Class that she seeks to represent and Plaintiff does not have any interests that are antagonistic to the Class.

7.  Counsel for the Class are experienced, qualified and generally able to conduct complex class action litigation.

-2-

**COMPLAINT FOR DAMAGES**

- 10 -

8. This Court should permit this action to be maintained as a class action pursuant to California Code of Civil Procedure §382 because:

(a) The questions of law and fact common to the Class predominate over any question affecting only individual members;

(b) A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Class;

(c) The Class is so numerous that it is impractical to bring all members of the Class before the Court;

(d) Plaintiff and the Class will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which Defendants' actions have inflicted upon Plaintiff and the Class;

(f) There is a community of interest in ensuring that the combined assets and available insurance of the Defendants is sufficient to adequately compensate the members of the Class for the injuries sustained;

(g) Without class certification, the prosecution of separate actions by individual members of the Class would create a risk of:

(1) Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or

(2) Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible DEFENDANTS; and

(h) Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

-3-

**COMPLAINT FOR DAMAGES**

**DEFENDANTS**

9.     Plaintiff and the Class are informed and believe and based upon that information and belief, allege that Defendant HERTZ LOCAL EDITION CORP. (Hereinafter "Defendant" or "Defendants") is and at all times herein mentioned was:

(a)     A corporation or corporations authorized to conduct and is actually conducting business in the County of Orange, State of California.

(b)     The employer of Plaintiff and the Class.

10.     The true names and capacities, whether individual, corporate, partnership, associate or otherwise of Defendant Does 1 through 100, inclusive, are unknown to the Plaintiff and the Class who therefore sue these Defendants by such fictitious names pursuant to California Code of Civil Procedure §474.  Plaintiff and the Class will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 100, inclusive, when they are ascertained.

11.     Plaintiff and the Class are informed and believe, and based upon that information and belief allege, that each of the Defendants named in this Complaint, including Does 1 through 100, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

12.     Plaintiff and the Class are informed and believe, and based upon that information and belief allege, that each Defendant named in this Complaint, including Does 1 through 100, inclusive, knowingly and willfully acted in concert, conspired and agreed together among themselves and entered into a combination and systemized campaign of activity to inter alia damage the Class and to otherwise consciously and/or recklessly act in derogation of Plaintiff's and the Class' rights, and the trust reposed by Plaintiff and the Class in each of said Defendants, said acts being negligently and/or intentionally inflicted.   Said conspiracy, and Defendants' concerted actions, were such that, to Plaintiff's information and belief, and to all appearances, Defendants and each of them, represented a unified body so that the actions of one Defendant was accomplished in concert with, and with knowledge, ratification, authorization and approval of each of the other Defendants.

13.     Plaintiff and the Class are informed and believe, and based upon that information

-4-
**COMPLAINT FOR DAMAGES**

1  and belief allege, that each of the Defendants named in this Complaint, including Does 1 through

2  100, inclusive, is and at all times mentioned herein was, the agent, servant and/or employee of

3  each of the other Defendants and that each Defendant was acting within the course of scope of his,

4  her or its authority as the agent, servant and/or employee of each of the other Defendants.

5  Consequently, all of the Defendants are jointly and severally liable to the Plaintiff and the Class

6  for the damages sustained as a proximate result of their conduct.

7  **FIRST CAUSE OF ACTION**

8  **FOR FAILURE TO PROVIDE MEAL PERIODS AND FAILURE TO PAY MEAL**

9  **PERIOD COMPENSATION**

10  (On behalf of Plaintiff and the Class against all Defendants)

11  [California Labor Code §§ 226.7 and 512 and California Code of Regulation,

12  Title 8, §11070 et seq. and IWC Wage Order 9]

13  14.     Plaintiff and the class re-allege and incorporate by reference, as though fully set

14  forth herein, paragraphs 1 through 13 of this Complaint.

15  15.     California Labor Code §512 and California Code of Regulation, Title 8,

16  §11070(11)(A) and IWC Wage Order 9 §11 require that no employer shall employ any person for

17  a work period of more than five (5) hours without an uninterrupted meal period of not less than 30

18  minutes.

19  16.     California Labor Code §512, California Code of Regulation, Title 8,

20  §11070(11)(D)

21  and IWC Wage Order 9 §11 provide that if an employer fails to provide an employee a meal

22  period in accordance with this section, the employer shall pay the employee one (1) hour of pay at

23  the employee's regular rate of compensation for each workday that the meal period is not

24  provided.

25  17.     Defendants, and each of them, have intentionally and improperly denied

26  meal periods to the Plaintiff and the Class and have failed to pay meal period compensation.

27  18.     At all times relevant hereto the Plaintiff and Class regularly

28  worked more than five hours in a workday.

-5-

**COMPLAINT FOR DAMAGES**

19. At all times relevant hereto, Defendants, and each of them, failed to provide meal periods as required by California Labor Code §512 and California Code of Regulation, Title 8, §11070(11)(A) and IWC Wage Order 9 §11 and failed to pay meal period compensation.

20. By virtue of Defendants' unlawful failure to provide meal periods and failure to pay meal period compensation to Plaintiff and the Class they have suffered, and will continue to suffer, damages in amounts which are presently unknown but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

21. Further, Defendants' failure to provide meal periods has violated and continues to violate California Penal Code §§484 and 532 (obtaining labor through false pretenses).

22. Plaintiff and the Class are informed and believe, and based upon that information and belief allege, that Defendants, and each of them, purposely elected not to provide meal periods.

23. Defendants, and each of them, acted intentionally and oppressively toward Plaintiff and the Class with a conscious disregard of their rights, or the consequences with the intent of depriving Plaintiffs and the Class property and legal rights and otherwise causing them injury.

24. Plaintiff and the Class request recovery of meal period compensation pursuant to California Labor Code §512 and California Code of Regulation, Title 8, §11070(11)(A) and IWC Wage Order 9 §11, as well as the assessment of any statutory penalties against Defendants, and each of them, in a sum as provided by the Labor Code and/or other statutes. Further, Plaintiffs and the Class are entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code §§218.5 and 1194.

## SECOND CAUSE OF ACTION

## FOR FAILURE TO PROVIDE REST PERIODS AND FAILURE TO PAY

## REST PERIOD COMPENSATION

[California Labor Code 226.7 and Code of Regulation Title 8, §11070 et. seq. and IWC Wage Order 9]

-6-

**COMPLAINT FOR DAMAGES**

(On behalf of Plaintiff and the Class against All Defendants)

25. Plaintiffs and the Class re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 24 of this Complaint.

26. California Code of Regulation, Title 8, §11070(12)(A) and IWC Wage Order 9 §12 require that employers authorize and permit all employees to take uninterrupted rest periods at the rate of ten (10) minutes net rest time per four (4) work hours.

27. California Code of Regulation, Title 8, §11070(12)(D), IWC Wage Order 9 §12 and California Labor Code §226.7, require that if an employer fails to provide an employee rest periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

28. Defendants, and each of them, have intentionally and improperly denied rest periods to Plaintiff and the Class in violation of California Code of Regulation, Title 8, §11070(12)(A) and IWC Wage Order 9 §12.

29. At all times relevant hereto, Plaintiff and the Class regularly worked more than four hours in a workday.

30. At all times relevant hereto, the Defendants, and each of them, failed to provide rest periods as required by California Code of Regulation, Title 8, §11070(12)(A) and failed to pay rest period compensation.

31. By virtue of Defendants' unlawful failure to provide rest periods to Plaintiff and the Class they have suffered, and will continue to suffer, damages in amounts which are presently unknown but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

32. Further, Defendants' failure to provide rest periods has violated and continues to violate California Penal Code §§484 and 532 (obtaining labor through false pretenses).

33. Defendants, and each of them, acted intentionally and oppressively toward Plaintiff and the Class with a conscious disregard of their rights, or the consequences to Plaintiff and the

-7-
**COMPLAINT FOR DAMAGES**

1    Class, with the intent of depriving them of property and legal rights and otherwise causing injury.

2        34.    Plaintiff and the Class request recovery of rest period compensation pursuant to

3    California Code of Regulation, Title 8, §11070(12)(B), as well as the assessment of any statutory

4    penalties against Defendants, and each of them, in a sum as provided by the Labor Code and/or

5    other statutes.  Further, Plaintiff and the Class are entitled to seek and recover reasonable

6    attorneys' fees and costs pursuant to California Labor Code §§218.5 and 1194.

7                     **THIRD CAUSE OF ACTION**

8                    **FOR UNFAIR COMPETITION.**

9          [California Business & Professions Code§17200 et. seq.]

10         (On behalf of Plaintiff and the Class against all Defendants)

11        35.    Plaintiff and the Class re-allege and incorporate by reference, as though fully

12    set forth herein, paragraphs 1 through 34 of this Complaint.

13        36.    By and through the conduct described above and Defendant's business practices,

14    Plaintiff, the Class and all persons similarly situated, have suffered monetary loss due to

15    Defendants conduct including but not limited to being deprived of rest and meal periods and rest

16    and meal period compensation in violation of Labor Code §§ 226.7 and 512 and California Code

17    of Regulations Title 8 §1170 and IWC Wage Order 9 §11 and 12.

18        37.    By and through their unfair, unlawful and/or fraudulent business practices

19    described herein, Defendants have obtained valuable property, money and services from Plaintiffs

20    and the Class and have deprived them of valuable rights and benefits guaranteed by law, all to

21    their detriment.

22        38.    All of the acts described herein were violations of the California Labor Code and

23    Industrial Welfare Commission Wage Orders, are unlawful and in violation of public policy; are

24    unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or

25    fraudulent business practices in violation of California Business and Professions Code § 17200 et

26    seq.

27        39.    Plaintiff and the Class, are entitled to, and do, seek restitution of all money they

28    have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business

-8-

**COMPLAINT FOR DAMAGES**

practices of Defendants.

40.     Plaintiff, the Class, all persons similarly situated, and all persons in interest, are further entitled to and do seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

41.     Plaintiff and the Class have no plain, speedy, and/or adequate remedy at law to redress the injuries which they have suffered as a consequence of Defendants' unfair, unlawful and/or fraudulent business practices.  As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, the Class and all persons in interest, have suffered and will continue to suffer irreparable harm unless Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

42.     If Defendants are not enjoined from the conduct set forth herein above, they will continue to fail to pay meal and rest period wages to Plaintiff and the Class.   In addition, Defendants, and each of them, will continue to avoid paying the appropriate taxes, insurance and unemployment withholdings.

43.     If Defendants are not enjoined from the conduct set forth herein above, they will continue to fail to provide meal and rest periods to the Class.

44.     Plaintiff and the Class request that the Court issue a preliminary and permanent injunction prohibiting Defendants, and each of them, from suffering the Class to work without meal and rest periods and failing to pay meal and rest period compensation to Plaintiff and the Class and in engaging in the conduct set forth above.

45.     Plaintiff and the Class also request that the Court order Defendants to disgorge all illegally obtained monies from failing to pay taxes, state disability insurance premiums, and unemployment taxes, obtained by way of their violation of Business & Professions Code §§17200, et seq.

46.     Plaintiff and the Class also request an order that defendants identify, locate and make restitution to affected members of the general public and specifically its employees, all

funds and the value of all things or property acquired by the acts of unfair competition and deceptive practices set forth above, and all additional orders necessary to accomplish this purpose, pursuant to Business and Professions Code section 17203; and

47.     For an order that defendants disgorge any profits arising from acts of unfair competition; and

48.     For distribution of any moneys recovered on behalf of the general public, or members of the class, via fluid recovery or cy pres recovery where necessary to prevent defendants from retaining the benefits of their wrongful conduct as provided in <u>California</u> v. <u>Levi Strauss & Co.</u> (1986) 41 Cal.3d 460 and <u>People</u> v. <u>Thomas Shelton Powers, M.D. Inc.</u> (1992) 2 Cal.App.4th 330;

## FOURTH CAUSE OF ACTION
## FOR FAILURE TO PAY WAGES UPON ENDING EMPLOYMENT
### [Labor Code §§201 et seq.]
### (On behalf of the class against all Defendants)

49.     Plaintiff and the Class re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 48 of this Complaint.

50.     Members of the Class quit or were discharged from their employment with Defendants within the applicable statute of limitations.

51.     However, Defendants failed to pay them all wages as defined by applicable California law upon termination of their employment.  They were not paid wages including but not limited to the meal and rest period compensation and other compensation referred to in this complaint or other unpaid wages. Defendants' failure to pay said wages to the Class within the time and in the manners required by Labor Code §§201 et seq. was willful.

52.     Therefore all members of the Class who are former employees of Defendants are entitled to one day's wages for each day they were not timely paid all wages due upon termination of their employment, up to a maximum of 30 days' wages.

## FIFTH CAUSE OF ACTION

-10-

**COMPLAINT FOR DAMAGES**

- 18 -

**FOR FAILURE TO FURNISH ITEMIZED STATEMENTS**

[LABOR CODE §226]

(On behalf of Plaintiff and the Class against All Defendants)

53.   Plaintiff and the Class re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 52 of this Complaint.

54.   Throughout the Class Period, Defendants intentionally failed to furnish Plaintiff and the Class itemized statements upon each payment of wages accurately showing: all gross wages earned, total hours worked, the applicable hourly rates in effect during each pay period and the corresponding hours worked at each hourly rate.

55.   Plaintiff and the Class were damaged by these failures because, among other things, the failures led them to believe that they were not entitled to be paid all meal and rest period compensation they were owed, even though they were so entitled and because the failures hindered them from determining the amounts of wages owed to them.

56.   Plaintiff and the Class are entitled to the amounts provided in California Labor Code §226(e) and §226.3 plus costs and attorneys' fees.

**PRAYER**

WHEREFORE, the PLAINTIFFS CLASS pray for judgment as follows:

1.   ON THE FIRST CAUSE OF ACTION:

    (a)   For compensatory damages according to proof;

    (b)   For interest on any compensatory damages; and

    (c)   For meal period compensation; and

    (d)   For statutory penalties and attorneys fees.

2.   ON THE SECOND CAUSE OF ACTION:

    (a)   For compensatory damages according to proof;

    (b)   For interest on any compensatory damages; and

    (c)   For rest period compensation; and

    (d)   For statutory penalties and attorneys fees.

3.   ON THE THIRD CAUSE OF ACTION:

**COMPLAINT FOR DAMAGES**

(a)     For the equitable, injunctive and declaratory relief requested;

(b)     For disgorgement of profits;

(c)     Restitution.

(d)     Attorneys fees

(f)     Costs of suit

4.   ON THE FOURTH CAUSE OF ACTION:

(a)     For compensatory damages according to proof;

(b)     For interest on any compensatory damages; and

(c)     For waiting time statutory amounts under Labor Code §203;

(d)     Costs of Suit;

(e)     Attorneys fees

5.   ON THE FIFTH CAUSE OF ACTION:

(a)     All amounts provided in <u>California Labor Code</u> §226(e) and §226.3;

(b)     Costs of Suit;

(c)     Attorneys fees

6.   ON ALL CAUSES OF ACTION:

(a)     All general and special damages,

(b)     For reasonable attorney' fees;

(c)     For costs of suit;

(d)     For waiting time statutory amounts under Labor Code §203;

(e)     For all amounts provided for in Labor Code §226(e) and §226.3;

(f)     For prejudgment and post judgment interest; and

(g)     For such other and further relief as this Court may deem just and proper.

Dated: January 6, 2011                    SPENCER LAW FIRM

                                          By:_____/S/_____
                                          JEFFREY P. SPENCER
                                          Attorneys for Plaintiffs

**COMPLAINT FOR DAMAGES**

- 20 -

1
2

## **DEMAND FOR JURY TRIAL**

3        Plaintiff individually and on behalf of the class, all persons similarly situated and all

4    aggrieved employees hereby requests trial of this matter by jury.

5
6    Dated: January 6, 2011                SPENCER LAW FIRM
7
                                          By:_____/S/_____
8                                            JEFFREY SPENCER
                                             Attorneys for Plaintiffs
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COMPLAINT FOR DAMAGES**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| THE SPENCER LAW FIRM<br>— Jeffrey Spencer, SBN 182440<br>1211 Puerta Del Sol, Suite 150, San Clemente, CA 92673<br>TELEPHONE NO.: (949) 240-8595      FAX NO.: (949) 240-8515<br>ATTORNEY FOR (Name): Plaintiffs | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**01/06/2011** at 09:22:10 AM<br>Clerk of the Superior Court<br>By Maarit H Nordman, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 751 West Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
NELSON v. HERTZ LOCAL EDITION CORP. et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | | 30-2011-00438756-CU-OE-CXC<br><br>JUDGE:<br>Judge David C. Velasquez |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is  ☐ is not   complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties     d. ☐ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve          in other counties, states or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence     f. ☐ Substantial post-judgment judicial supervision
3. Type of remedies sought (check all that apply):
   a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): (5) Failure to Pay Compensation, Unfair Business Practices
5. This case ☑ is  ☐ is not   a class action suit.
Date: January 6, 2011

Jeffrey P. Spencer
(TYPE OR PRINT NAME)                          ► _____
                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2003] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 201.8, 1800–1812;<br>Standards of Judicial Administration, § 19<br>www.courtinfo.ca.gov |
|---|---|---|

## SUPERIOR COURT OF CALIFORNIA
### COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

### NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**  A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**  When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**  In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**  ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**  In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**  Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.**  If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation.   ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services.  If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.**  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate.**  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate.**  If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.**  In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate.**  Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate.**  Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.**  In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.**  Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.**  Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.**  Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials.  Sometimes parties will try a combination of ADR types.  The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE).  For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session.  For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session.  Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|
| Telephone No.:                    Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name)*:               Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13ᵗʰ Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____    _____    _____
                  (SIGNATURE OF PLAINTIFF OR ATTORNEY)     (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____    _____    _____
                  (SIGNATURE OF DEFENDANT OR ATTORNEY)    (SIGNATURE OF DEFENDANT OR ATTORNEY)

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                          California Rules of Court, rule 3.221
L1270 (Rev. January 2010)

# EXHIBIT B

1  ROBERT A. DOLINKO (State Bar No. 076256)
   MATTHEW J. FRANKEL (State Bar No. 256633)
2  NIXON PEABODY LLP
   One Embarcadero Center, Suite 1800
3  San Francisco, CA 94111
   Telephone:    (415) 984-8200
4  Facsimile:    (415) 984-8300

5  Attorneys for Defendant
   HERTZ LOCAL EDITION CORPORATION

6

7

8

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**02/24/2011** at 12:48:00 PM

Clerk of the Superior Court
By Maarit H Nordman,Deputy Clerk

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF ORANGE

11

12  CHEREE NELSON individually, and as       Case No. 30-2011-00438756-CU-OE-CXC
    private attorneys general and on behalf of all
13  persons similarly situated,              Assigned to Judge David C. Velasquez

                                             **CLASS ACTION**
14             Plaintiffs,
                                             **DEFENDANT HERTZ LOCAL EDITION**
15        v.                                 **CORP.'S ANSWER TO COMPLAINT**

16  HERTZ LOCAL EDITION CORP. and DOES       Action filed:      January 6, 2011
    1 THROUGH 100, INCLUSIVE,                Trial date:        None Set
17
               Defendants.
18

19

20       Defendant Hertz Local Edition Corporation ("HLE" or "Defendant") hereby responds to the

21  unverified Complaint for Damages, Injunctive, and Restitution ("Complaint") filed by Plaintiff

22  Cheree Nelson ("Plaintiff").  As used herein, the term "Plaintiff" also means and includes all others

23  similarly situated on whose behalf the Complaint was purportedly filed.

24  / / /

25  / / /

26  / / /

27  / / /

28

## GENERAL DENIAL

Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure, Hertz generally denies each and every allegation of the Complaint, including that this action may be maintained as a representative action or as a class action on behalf of others purportedly similarly situated, and/or the general public, and further denies that Plaintiff or anyone else on whose behalf the Complaint is purportedly brought is entitled to damages, statutory penalties, punitive damages, restitution, disgorgement, interest, attorneys' fees or costs, or any other form of legal or equitable relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

The causes of action asserted in the Complaint are barred, in whole or in part, by the applicable statutes of limitations, including without limitation those set forth in California Code of Civil Procedure Sections 337, 338(a), 340(a) and 343, and California Business and Professions Code Section 17208.

### THIRD AFFIRMATIVE DEFENSE

#### (No Standing)

Plaintiff lacks standing to sue on behalf of herself or the purported class of others similarly situated with respect to all or some of their causes of action in the Complaint or the requested relief.

-2-

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

Defendant is informed and believes that Plaintiff's causes of action are barred, in whole or in part, due to Plaintiff's unreasonable delay in notifying Defendant of the alleged actionable wrongs, which delays have resulted in prejudice to Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver/Estoppel/Unclean Hands)

Defendant is informed and believes that Plaintiff's causes of action are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and/or unclean hands, including without limitation because the acts alleged in the Complaint to be unlawful occurred, if at all, a result of conduct, omissions, and/or with the consent and voluntary participation of Plaintiff and the purported class members.

## SIXTH AFFIRMATIVE DEFENSE

### (Good Faith Wage Dispute)

Although Defendant denies that it owes any amounts to Plaintiff or the purported class members, if it should be determined that amounts are owed, Defendant alleges, based on information and belief, that at all times relevant hereto a reasonable good faith dispute existed as to whether any such amounts were owed to Plaintiff and the purported class, pursuant to Labor Code Section 203 and/or Title 8, Section 13520 of the California Code of Regulations.

## SEVENTH AFFIRMATIVE DEFENSE

### (Constitutional Bar to Punitive Damages)

While Defendant denies that it committed or has responsibility for any act that could support the recovery of punitive damages, to the extent such recovery is sought against Defendant, it is unconstitutional under the provisions of the United States Constitution and/or the California Constitution.

-3-

## EIGHTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

Defendant alleges, based on information and belief, that Plaintiff's and the purported class members' claims for damages are barred because they are speculative and uncertain.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Defendant alleges, based on information and belief, that Plaintiff's claims for damages are barred in whole or in part to the extent Plaintiff and/or the purported class members' failed to mitigate, minimize, or avoid the damages alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Meet Requirements for Class Action)

Defendant is informed and believes, and based thereupon allege, that Plaintiff's claims will not support class treatment because: they do not raise questions of law or fact that predominate over individual legal or factual issues; they are not typical of the claims of the putative class; Plaintiff is not an adequate or proper representatives of the putative class; and/or the action fails to satisfy the legal standards for a class action.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Waiver of Additional Defenses)

As a separate affirmative defense, Defendant has insufficient knowledge or information upon which to form a belief as to whether it may have additional, but as yet unstated, affirmative defenses available.  Defendant reserves the right to amend this Answer to add, delete, or modify defenses based up on legal theories that may or will be available following clarification of Plaintiff's Complaint through discovery, or through further analysis of Plaintiff's claims in this litigation.

/ / /

/ / /

/ / /

/ / /

-4-

1    WHEREFORE, Defendant Hertz Local Edition Corporation prays for judgment as follows:

2    1.    That the Complaint be dismissed with prejudice and in its entirety, and that Plaintiff

3    and the purported class members take nothing thereby;

4    2.    That Defendant be awarded its costs of suit, including reasonable attorneys' fees; and

5    3.    That Defendant be awarded such other and further relief as the Court deems just and

6    proper.

7

8    Dated: February 24, 2011                    Respectfully submitted,

9                                                NIXON PEABODY LLP

10

11                                               By: _____

12                                                   Robert A. Dolinko
                                                     Matthew J. Frankel
13

14                                               Attorneys for Defendant
                                                 HERTZ LOCAL EDITION CORPORATION
15

16

17

18

19

20

21

22

23

24

25

26

27

28

-5-

DEFENDANT HERTZ LOCAL EDITION CORP.'S ANSWER TO
COMPLAINT – CASE NO. 30-2011-00438756-CU-OE-CXC                                    13362691.1

<div align="center">

**PROOF OF SERVICE**

</div>

**CASE NAME:** **Cheree Nelson v. Hertz Local Edition Corp.**
**COURT:** **Orange County Superior Court**
**CASE NO.:** **30-2011-00438756-CU-OE-CXC**
**NP FILE:** **412307.132**

I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is One Embarcadero Center, 18th Floor, San Francisco, California 94111-3600. On this date, I served the following document(s):

<div align="center">

**DEFENDANT HERTZ LOCAL EDITION CORP.'S ANSWER TO COMPLAINT**

</div>

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

__X__: By First-Class Mail — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, California, for mailing to the office of the addressee following ordinary business practices.

____: By Personal Service — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

____: By Overnight Courier — I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

____: By Facsimile — From facsimile number [Enter Fax Number] at approximately [Enter Time] A.M./P.M., I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

**Attorneys for Plaintiff**

Jeffrey Spencer, Esq.
**SPENCER LAW FIRM**
1211 Puerta Del Sol, Suite 150
San Clemente, CA 92673
Tel: (949) 240-8595
Fax: (949) 240-8515
jps@spencerlaw.net

**Attorneys for Plaintiff**

Jeffrey Wilens, Esq.
**LAKSHORE LAW CENTER**
18340 Yorba Linda Blvd., Suite 107-610
Yorba Linda, CA 92886
Tel: (714) 854-7205
Fax: (714) 854-7206
jeff@lakeshorelaw.org

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 24, 2011, at San Francisco, California.

_Krystine Kalinowski_
Krystine Kalinowski

13370110 1

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 751 W. Santa Ana Blvd<br>MAILING ADDRESS: P.O. Box 22028<br>CITY AND ZIP CODE: Santa Ana CA 92702<br>BRANCH NAME:    Civil Complex Center | |

| SHORT TITLE: Nelson vs. Hertz Local Edition Corp. | |
|---|---|
| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | CASE NUMBER:<br>30-2011-00438756-CU-OE-CXC |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of Orange Court. In order to process the filing, the fee shown was assessed.

## Electronic Filing Summary Data

| | |
|---|---|
| Electronically Submitted By: | Hertz Local Edition Corp. |
| On Behalf of: | Hertz Local Edition Corp.; CCMS ID: 72408647 |
| Transaction Number: | 229736 |
| Court Received Date: | 02/24/2011 |
| Court Received Time: | 12:48:36 PM |
| Filed Date: | 02/24/2011 |
| Filed Time: | 12:48 PM |
| Fee Amount Assessed: | $945.00 |
| Case Number: | 30-2011-00438756-CU-OE-CXC |
| Case Title: | Nelson vs. Hertz Local Edition Corp. |
| Location: | Civil Complex Center |
| Case Type: | Other employment |
| Case Category: | Civil - Unlimited |
| Jurisdictional Amount: | > 25000 |

| **Documents Electronically Filed/Received** | **Status** |
|---|---|
| Answer to Complaint | Accepted |

**Court Generated Documents**
Payment Receipt

**Comments**
**Submitter's Comments:**

**Clerk's Comments:**

**Electronic Filing Service Provider Information**

| Service Provider | OneLegal |
|---|---|
| Email: | support@onelegal.com |
| Contact Person: | Customer Support |

Phone:        8009388815

**NOTICE OF CONFIRMATION OF FILING**

# PROOF OF SERVICE

**CASE NAME:**     **Cheree Nelson v. Hertz Local Edition Corp.**
**COURT:**     **United States District Court, Central District of California**
**CASE NO.:**

     I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is Gas Company Tower, 555 West Fifth Street, 46th Floor, Los Angeles, CA 90013-1010.  On this date, I served the following document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTION 1332(d) AND 28 U.S.C. SECTION 1441; EXHIBITS**

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

  **X**  :<u>By First-Class Mail</u> — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing.  Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in Los Angeles, California, for mailing to the office of the addressee following ordinary business practices.

      :<u>By Personal Service</u> — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

      : <u>By Overnight Courier</u> — I caused each such envelope to be given to an overnight mail service at Los Angeles, California, to be hand delivered to the office of the addressee on the next business day.

| **Attorneys for Plaintiff** | **Attorneys for Plaintiff** |
|---|---|
| Jeffrey Spencer, Esq. <br> **SPENCER LAW FIRM** <br> 1211 Puerta Del Sol, Suite 150 <br> San Clemente, CA  92673 <br> Tel:  (949) 240-8595 <br> Fax:  (949) 240-8515 <br> jps@spencerlaw.net | Jeffrey Wilens, Esq. <br> **LAKSHORE LAW CENTER** <br> 18340 Yorba Linda Blvd., Suite 107-610 <br> Yorba Linda, CA  92886 <br> Tel:  (714) 854-7205 <br> Fax:  (714) 854-7206 <br> jeff@lakeshorelaw.org |

     I declare under penalty of perjury that the foregoing is true and correct.  Executed on February 28, 2011, at Los Angeles, California.

Marisa Sithi-Amnuai

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

PLEASE CONFORM
AND RETURN

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
CHEREE NELSON, individually, and as private attorneys
ageneral and on belahf of all persons similarly situated

**DEFENDANTS**
HERTZ LOCAL EDITION CORP.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing
yourself, provide same.)
SPENCER LAW FIRM, Jeffrey Spencer. Tel. 949.240.8595
1211 Puerta Del Sol, Suite 150, San Clemente, CA 92673
LAKESHORE LAW CENTER, Jeffrey Wilens,
18340 Yorba Linda Blvd., Suite 107-610
San Clemente, CA 92886.  Tel.  714.854.7205

Attorneys (If Known)
Robert A. Dolinko, Esq
Richard E. Bromley, Esq.
NIXON PEABODY, LLP
555 West Fifth Street, 46th Floor
Los Angeles, CA 90013
Tel. 213.629.6000

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S.
Government Not a Party

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship
of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from another district (specify):

☐ 6 Multi-
District
Litigation

☐ 7 Appeal to District
Judge from
Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No        ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Sec. 1332(d).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   SACV11-00328

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                              CIVIL COVER SHEET

American LegalNet, Inc.
www.FormsWorkflow.com

Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware and New Jersey |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date February 28, 2011
RICHARD E. BROMLEY

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)  CIVIL COVER SHEET  Page 2 of 2