1  ROBERT A. DOLINKO (CA BAR NO. 076256)
   rdolinko@nixonpeabody.com
2  RICHARD E. BROMLEY (CA BAR NO. 156260)
3  rbromley@nixonpeabody.com
   NIXON PEABODY LLP
4  555 West Fifth Street, 46th Floor
5  Los Angeles, California 90013-1010
   Telephone: (213) 629-6000
6  Facsimile: (213) 629-6001
7
   Attorneys for Defendant
8  HERTZ LOCAL EDITION CORPORATION
9
                   UNITED STATES DISTRICT COURT
10
                   CENTRAL DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| 12 CHEREE NELSON individually, as private attorney general, and on behalf of herself and all employees similarly situated,<br>14<br>15           Plaintiffs,<br>16<br>17    vs.<br>18 HERTZ LOCAL EDITION CORP. et, al.,<br>19<br>20           Defendants. | Consolidated Case Nos.: SACV11-00328-AG (Ex) and SA CV 11-02473 AG (Ex)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF INFORMATION<br><br>Parties' Signed Stipulation Filed Concurrently |
| 21 DEVA KELLY, individually, and on behalf of others similarly situated,<br>22<br>23           Plaintiff,<br>24<br>   v.<br>25<br>26 HERTZ LOCAL EDITION CORP., a Delaware Corporation, and DOES 1<br>27 through 100, inclusive,<br>28           Defendants. | |

The Parties to the above-captioned action contemplate the disclosure of confidential, private, and/or sensitive information and have submitted to the Court a stipulated agreement regarding the procedures for confidential information. Therefore, the Court orders as follows:

1. "Confidential Information." "Confidential Information," as used herein, means all confidential information and documents produced by Defendant Hertz Local Edition Corporation ("Defendant"), which the Parties anticipate includes but is not limited to the following: addresses, telephone numbers, and private personnel information of current and former employees. All Confidential Information produced in this case shall be used solely for purposes of this litigation as permitted hereunder and for no other purpose. Confidential Information includes all original documents and copies thereof which a party has designated as such by stamping each page of the document with the words "CONFIDENTIAL" or words to that effect; however, all employee time cards produced by Defendant shall be deemed and treated as Confidential Information even if the words "CONFIDENTIAL" are not stamped on them.

2. "Qualified Persons." With respect to Confidential Information, "Qualified Persons" means: Plaintiff Cheree Nelson, Deva Kelly, managers of Defendant, witnesses who are deposed or are expected to testify at trial, and counsel of record in this action for Plaintiffs and Defendant, including regularly employed partners, associate attorneys, paralegals, and stenographic and clerical employees assisting such counsel, or any such other persons who are responsible for the handling of legal matters on behalf of either party, including experts and/or consultants engaged by a party to this action and for purposes of this action. For the purposes of courtroom procedures involving Confidential Information, "Qualified Persons" also means the Court, any clerk and other courtroom personnel.

Case 8:11-cv-00328-AG-E Document 31 Filed 01/24/12 Page 3 of 6 Page ID #:477
Case 8:11-cv-00328-AG -E Document 30-1 Filed 01/24/12 Page 3 of 6 Page ID #:471

3. <u>Designation of Information</u>. Any information supplied in written or documentary form, which a supplying party or person wishes to designate as Confidential Information, shall be labeled by the supplying party as "CONFIDENTIAL," or words to that effect, on each page containing information to be designated hereunder. Neither the designation nor the disclosure of information pursuant to this Protective Order shall operate as a waiver of the attorney-client privilege or protections afforded by the attorney work-product doctrine with respect to the subject of the information disclosed.

4. <u>Agreement by Qualified Persons</u>. Any information designated as Confidential Information shall be made available only to Qualified Persons. Except for the Court, any clerk and other courtroom personnel, all other Qualified Persons shall read this Order, and shall undertake in writing to be bound by its terms; to maintain that information designated as Confidential Information in confidence; not to use or disclose information designated as Confidential Information to anyone other than to a Qualified Person; and not to use Confidential Information except for purposes of discovery and trial in this action. Those Qualified Persons shall indicate their agreement to be bound by the terms of the Protective Order by signing and dating an acknowledgment substantially in the form attached as Exhibit "A."

5. <u>Custody and Safeguarding of Confidential Materials</u>. Counsel for the parties and all Qualified Persons shall take reasonable measures to safeguard the confidentiality of Confidential Information subject to this Protective Order and shall maintain it in a manner that limits access only to Qualified Persons. The Parties herein also agreed to abide by the limitations, protections, and requirements of Local Rule 79-5 regarding Confidential Court Records.

6. <u>Reservation of Rights.</u> Entering into, agreeing to, and/or producing or receiving documents or information designated as Confidential, or otherwise complying with the terms of this Protective Order, shall not:

-3-
13765791.1 [PROPOSED] PROTECTIVE ORDER

(a) prevent the Court from entering or admitting Confidential Information into evidence;

(b) prejudice in any way the rights of any party to object to the production of documents or other materials he, she or it considers not subject to discovery;

(c) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document or testimony or other materials subject to this Protective Order;

(d) prejudice in any way the rights of any party to seek a determination by the Court as to whether any documents or testimony should be subject to the terms of this Protective Order;

(e) prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly Confidential Information; or

(f) prevent the Parties from agreeing in writing or on the record during any hearing to alter or waive any provision of this Protective Order with respect to any particular document.

7. <u>Procedures For Filing/Lodging Papers In Court.</u> If any party wishes to file with the Court any document, the Parties shall comply with the requirements of Local Rule 79-5.

8. <u>Inadvertent Disclosure</u>. Should any document or information designated as Confidential Information hereunder be disclosed, through inadvertence or otherwise, to any person or party not entitled to receive the same hereunder, the Parties shall use their best efforts to bind such person to the terms of this Order and:

(a) such person shall be informed promptly of all of the provisions of this Protective Order by the receiving party;

(b) such person shall be identified immediately to the party that designated the document as Confidential Information; and

(c) such person shall be requested to sign an agreement to abide by the terms of this Protective Order, which signed agreement shall be served on the party designating the document as Confidential Information.

9. <u>Return Upon Termination</u>. Within thirty (30) days of the termination of this action, the Parties shall assemble and return to each supplying party or person all material embodying information designated as Confidential Information, including all copies of such documentary material.

10. <u>Discoverability and Admissibility of Documents</u>. Nothing in this Protective Order shall be construed to affect either the discoverability or admissibility at trial of any document, recording or thing, nor shall any Party's entry into the Stipulation that pertains to this Order be deemed to waive either its right to object to the production of documents, recordings or things on appropriate grounds, or to move to compel the production of documents, recordings or things wrongfully withheld from production by another party or entity.

11. <u>Challenges to Definition of Confidential Information</u>. The Parties acknowledge that disagreements may arise over the precise definition of confidential information and, therefore, retain the right to seek a determination by the Court on any such definition.

12. <u>Modification.</u> This Protective Order may be modified upon a showing of good cause through application to the Court on notice to all other Parties.

**IT IS SO ORDERED:**

Dated: 1/24/12

THE HONORABLE CHARLES F. EICK
Magistrate Judge of the United States District Court


# EXHIBIT A

## DECLARATION OF "QUALIFIED PERSON"

I, _____, declare that I have read the Protective Order entered in the action entitled *Cheree Nelson & Deva Kelly v. Hertz Local Edition Corp.*, United Stated District Court, Central District of California, Consolidated Case Nos. SACV11-00328-AG (Ex) and SA CV 11-02473 AG (Ex), and agree to be bound by its terms; to maintain the information designated as Confidential Information in confidence; not to use or disclose information designated as Confidential Information to anyone other than to a Qualified Person; and not to use Confidential Information except as permitted in the Protective Order.

To effectuate my compliance with this Order, I agree to submit to the jurisdiction of the United Stated District Court, Central District of California for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after the termination of this action.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration is executed on _____, _____ in the City of _____, in the State of _____.

_____
Name of Declarant [Printed]           Signature of Declarant

Affiliation: _____

Business Address: _____

_____

Home Address: _____

_____